**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50014 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-01179-W |
| v. | |
| JUVENTINO JAIMES-MACIEL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Submitted April 13, 2016[**]

Before: FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Juventino Jaimes-Maciel appeals from the district court's judgment and challenges the three-year term of supervised release imposed following his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jaimes-Maciel contends that the district court procedurally erred by failing to explain its reasons for imposing the three-year term of supervised release. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered the 18 U.S.C. § 3553(a) sentencing factors when selecting the sentence, and the court's reasons for imposing the supervised release term are apparent from the record. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate explanation may be inferred from the presentence report or the record as a whole).

Jaimes-Maciel also contends that the supervised release term is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The three-year term of supervised release is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Jaimes-Maciel's criminal history and the need to protect the public. *See Gall*, 552 U.S. at 51; *see also* U.S.S.G. § 5D1.1 cmt. n.5.

**AFFIRMED.**